UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
YUNKEUNG LEE,

                Plaintiff,                                **MEMORANDUM & ORDER**
                                                               11-CV-331 (RRM)(CLP)
      - against -

UNITED STATES OF AMERICA
DEPARTMENT OF THE ARMY and CHARLES
TYKEE GRAY,

                Defendants.
------------------------------------------------------------X
ROSLYNN R. MAUSKOPF, United States District Judge.

       This case arises out of an automobile accident between plaintiff Yunkeung Lee and Charles Tykee Gray, an employee of the United States Army. After Gray rear-ended Lee's vehicle while driving an Army automobile, injuring Lee and his passenger, Lee filed a tort claim against the Army pursuant to the Federal Tort Claims Act ("FTCA"), whereupon the Army requested various medical records from Lee which he failed to provide. Lee brought the instant action, and the Army now moves to dismiss the complaint for lack of subject-matter jurisdiction on the grounds that Lee failed to exhaust his administrative remedies before filing suit in federal court, as is required by the FTCA. For the reasons given below, defendants' motion is granted and plaintiff's complaint is dismissed.

**I.    Factual Background**

       The following facts are taken from plaintiff's complaint as well as the parties' memoranda of law, declarations, and exhibits filed in support of their motions, and are undisputed except where noted. The facts are taken to be true for purposes of this motion only

1

and do not constitute factual findings of this Court. The Court has taken plaintiff's material factual allegations as true, except where contradicted by evidence outside the pleadings.

While driving on the Belt Parkway on January 27, 2009, Charles Tykee Gray, an employee of the Army driving an Army vehicle, rear-ended plaintiff's automobile, injuring plaintiff and plaintiff's passenger Iris Colon. (Compl. (Doc. No. 1) at ¶¶ 27–39; Pl's Mem. in Opp. (Doc. No. 23) at 9.) On May 6, 2009, plaintiff – at the time represented by the Law Offices of Aleksander Vakarev – submitted a written Claim for Damage, Injury, or Death (Form SF 95) to the Department of the Army, (*see* Compl. at ¶ 49), which included the following information: (1) plaintiff's name, (2) the date, time, and location of the automobile accident, (3) Gray's name, birth date, and state driver's license number, (4) the year, model, and government registration number of the automobile Gray was driving, (5) a narrative description of the accident, (6) a claim for damages in the amount of $5 million, (7) plaintiff's insurance information, and (8) the following description of plaintiff's injuries:

> severe permanent personal injuries, the full extent of which is not presently known, including but not limited to injuries to the neck, back, right shoulder, which have caused claimant to incur and continue to incur expenses for medical care, attention and treatment and as a further result he was, and will continue to be rendered unable to perform his normal activities and duties and has sustained a resultant loss therefrom.

(Notice of Claim (Doc. No. 23 Ex. A).) Defendant received plaintiff's notice of claim on May 11, 2009. On May 28, 2009, Barbara Peter, a Legal Technician who works for the Army, wrote to plaintiff's counsel requesting additional information regarding plaintiff's claim, including a police report, various medical records, and itemized bills for medical expenses. (Peter Decl. (Doc. No. 26) at ¶ 5 & Ex. B.) Ms. Peter again wrote to the Vakarev firm on August 19, 2009, requesting to interview plaintiff and Ms. Colon. Ms. Peter did not receive a response to either letter. (Peter Decl. at ¶ 6 & Ex. C.) In July 2009, Glenn Murray, a claims investigator

2

at the U.S. Army Claims Service, placed phone calls to the Vakarev firm requesting medical records as well as an interview with plaintiff, but received no response. (Murray Decl. (Doc. No. 27) at ¶ 3.) Two employees of the Vakarev firm, Anna Lushchinsky and Johanna Gonzales Batista, deny receiving letters or phone calls stating that defendant had not received the Lee medical records. (Lushchinsky Decl. ( Doc. No. 23-7) at ¶ 7; Batista Decl. (Doc. No. 23-5) at ¶ 7.)

Plaintiff alleges that, on January 22, 2010, the Vakarev firm sent a "medical packet" to defendants that explained plaintiff's injuries, expressed plaintiff's interest in settling the claim, and contained HIPAA authorizations for defendant to obtain plaintiff's medical records and no-fault file as well as a police report documenting the accident. (Lucciola Decl. (Doc. No. 23-2) at ¶ 6.) In support of that allegation, plaintiff has submitted a letter, generated by the Vakarev firm and dated January 22, 2010, that purports to be a cover letter for the medical packet. (*See* Lucciola Decl. Ex. 4). However, the letter contains only a typed signature of one "Michael Colberg" and, as will be discussed more fully below, plaintiff has offered no evidence whatsoever that either the letter or the medical packet was actually transmitted by plaintiff or received by defendants. Defendant denies receiving either the packet or the letter and asserts that it never received any medical records pertaining to Lee, but admits that it received medical records pertaining to Ms. Colon. (Peter Decl. at ¶¶ 6, 8, 10; Murray Decl. at ¶¶ 3–5.)

Plaintiff has also submitted declarations from two employees of the Vakarev firm – Anna Lushchinsky, an attorney, and Johanna Gonzalez Batista, a secretary. These declarations describe the usual custom and practice of the Vakarev firm with respect to compiling medical documentation and preparing settlement letters. (Lushchinsky Decl. at ¶¶ 4–6, 9–10; Batista Decl. at ¶¶ 2–4.) However, the declarations deny personal knowledge of the details of the Lee

3

and Colon cases and provide no evidence that either the letter or medical records was, in fact, mailed. (Lushchinsky Decl. at ¶ 8; Batista Decl. at ¶¶ 5–6.)

At some point in early 2010, for reasons that are unclear from the record, plaintiff's claim (but not Ms. Colon's claim) was transferred from the Vakarev firm to plaintiff's current law firm, Rosato & Lucciola. On June 15, 2010 – more than a year after plaintiff's notice of claim was received – Ms. Peters received notification that plaintiff had retained Rosato & Lucciola to represent him with respect to his claim against the Army. By letter dated July 14, 2010, Ms. Peters notified plaintiff's new counsel that they were "required to submit evidence to support your clients' claim," requested "all medicals, and medical expenses that were not previous[ly] submitted and a copy of the no-fault file" from the Rosato firm, and requested an interview with plaintiff. (Peter Decl. at ¶ 9 & Ex. D.) Mr. Murray, the claims investigator, also contacted the Rosato firm in July 2010, and again in August 2010, requesting to interview plaintiff. (Murray Decl. at ¶¶ 4–5.)

Mr. Lucciola admits receiving Ms. Peters' July 14, 2010 letter requesting medical records. In response to this letter, Lucciola informed Ms. Peters that the Lee records had been previously submitted by plaintiff's former counsel, the Vakarev firm, and that the Army should contact the Vakarev firm in the event that they did not receive the records. (Lucciola Decl. at ¶ 7.) Apparently, Mr. Lucciola made no further attempt to confirm that defendant had received Lee's records or to confirm that those records had, in fact, been transmitted in the first place. Lucciola also has not documented any further attempt to send medical records to defendant after receiving the July 14, 2010 letter.

Ms. Peters placed additional phone calls to Rosato & Lucciola between August and September 2010 requesting an interview with plaintiff, but no interview took place because

4

plaintiff's counsel was unwilling to agree to an interview without a court reporter present and defendant refused to have a court reporter present. (Lucciola Decl. at ¶ 8.)

Meanwhile, defendant began an investigation into plaintiff's claim, which included (1) interviewing Charles Gray and the responding police officer, (2) performing a prior claim search on Lee to ascertain whether he had ever previously been injured in an accident, (3) denying Lee's separate property damage claim, (4) ascertaining the amounts of medical bills paid by plaintiff's no-fault insurance, and (5) eventually denying Ms. Colon's claim against the Army. (Lucciola Decl. at ¶¶ 20–21 & Ex. 8.) In addition, an e-mail message dated October 25, 2010 reveals that an employee of defendant evaluated Ms. Colon's medical records and determined that her claim should be denied. (*See* Lucciola Decl. Ex. 9.)

Because the statute of limitations for filing suit based on plaintiff's claim was nearing its expiration, Mr. Lucciola called Ms. Peters on January 11, 2011 to discuss settlement. Lucciola indicated that plaintiff's injuries were substantial and would require a high six-figure or seven-figure settlement offer to resolve the claim. Ms. Peters indicated that no settlement offer was possible, at which point Mr. Lucciola informed Ms. Peters that he intended to file suit against the Army. (Luciola Decl. at ¶ 10.)

Plaintiff commenced this suit by filing his complaint on January 21, 2001. Defendants now move to dismiss plaintiff's complaint for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) on the grounds that plaintiff failed to exhaust his administrative remedies pursuant to the FTCA. (Doc. Nos. 24, 25.) Defendant argues that plaintiff did not properly present his claim because his original notice of claim lacked any medical documentation and therefore contained insufficient information to satisfy the presentment requirement and, when defendant requested such medical documentation, plaintiff failed to respond to those requests.

Plaintiff opposes dismissal, arguing that his initial notice of claim set forth sufficient information to satisfy the presentment requirement, and that he was not obligated to respond to defendant's further requests for information because additional medical documentation was not necessary to satisfy presentment.

## II. Standard of Review

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). In reviewing a motion to dismiss under Rule 12(b)(1), the court "must accept as true all material factual allegations in the complaint, but [it is] not to draw inferences from the complaint favorable to plaintiffs." *J.S. ex rel. N.S. v. Attica Cent. Schs.*, 386 F.3d 107, 110 (2d Cir. 2004) (citation omitted). Moreover, the court "may consider affidavits and other materials beyond the pleadings to resolve the jurisdictional issue, but [it] may not rely on conclusory or hearsay statements contained in the affidavits." *Id.* (citations omitted). "The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005).

## III. The FTCA's Jurisdictional Requirements

The United States of America, as sovereign, can be sued only to the extent that it has waived its sovereign immunity by statute. *State Farm Mut. Auto. Ins. Co. v. United States*, 326 F. Supp. 2d 407, 411 (E.D.N.Y. 2004) (citing *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). The FTCA, which authorizes tort claims against the United States, constitutes a limited waiver of sovereign immunity and requires, as a prerequisite to filing suit, that the plaintiff present his claim to the appropriate federal agency and receive a final denial by the agency in

6

writing. *Id.* (citing 28 U.S.C. § 2675(a)). This presentment requirement is jurisdictional and cannot be waived. *Henry v. U.S. Dep't of Homeland Sec.*, No. 10-CV-2164, 2011 WL 477719, at *4 (E.D.N.Y. Feb. 2, 2011) (citing *Adams v. U.S. Dep't of Hous. & Urban Dev.*, 807 F.2d 318, 321 (2d Cir. 1986)).

The presentment requirement is contained in 28 U.S.C. § 2675(a), which is designed "to provide a procedure under which the government may investigate, evaluate, and consider settlement of a claim." *Johnson by Johnson v. United States*, 788 F.2d 845, 848 (2d Cir. 1986) (quoting *Keene Corp. v. United States*, 700 F.2d 836, 842 (2d Cir. 1983)); *overruled on other grounds by Sheridan v. United States*, 487 U.S. 392 (1988). Therefore, in order to satisfy § 2675(a)'s presentment requirement, plaintiff must file a notice of claim that provides "enough information to permit the agency to conduct an investigation and to estimate the claim's worth." *Romulus v. United States* (*Romulus II*), 160 F.3d 131, 132 (2d Cir. 1998) (citing *Keene Corp.*, 700 F.2d at 842), *aff'g Romulus v. United States* (*Romulus I*), 983 F. Supp. 336, 338 (E.D.N.Y. 1997). The notice need not meet formal pleading requirements as long as it is specific enough to serve the purposes underlying § 2675(a) – "to ease court congestion and avoid unnecessary litigation while making it possible for the Government to expedite the fair settlement of tort claims" asserted against the United States. *Romulus I*, 983 F. Supp. at 338 (quoting *Johnson*, 788 F.2d at 848–49). A claimant must provide "more than conclusory statements which afford the agency involved no reasonable opportunity to investigate." *Romulus II*, 160 F.3d at 132. Although compliance with § 2675(a) is "strictly construed," *Furman v. U.S. Postal Serv.*, 349 F. Supp. 2d 553, 557 (E.D.N.Y. 2004) (quoting *Romulus I*, 983 F. Supp. at 338), plaintiff need only "provide notice of his claim and a sum certain," and need not "provide full substantiation of his

claim according to the more exacting settlement regulations." *State Farm*, 326 F. Supp. 2d at 414.

The mere filing of a Form 95 is not necessarily sufficient to satisfy presentment. *Romulus II*, 160 F.3d at 132 ("[T]he mere act of filing a SF 95 does not necessarily fulfill the presentment requirement of § 2675(a)."); *Romulus I*, 983 F. Supp. at 341 ("Although plaintiffs apparently assume that filing of a Form 95 is sufficient . . . the case law is not settled on this point."); *see also Furman*, 349 F. Supp. 2d at 558 (quoting *Romulus II*, 160 F.3d at 132). Rather, presentment requires the claimant to present evidence sufficient to allow the agency to investigate and evaluate the claim with an eye toward determining whether to settle the claim or deny it. *Romulus II*, 160 F.3d at 132; *Johnson by Johnson*, 788 F.2d at 848–49. The sufficiency of the claimant's notice depends on the information he provides, and different information will be required to satisfy presentment based on the facts of each case. *See State Farm*, 326 F. Supp. 2d at 412–13 ("[T]he adequacy of notice to an agency is dependent upon the sufficiency of information provided by the plaintiff. Sometimes, if the information is vague, or suggestive of a vast array of possible claims, the information provided by the plaintiff gives no notice to the agency.")

Related to the jurisdictional requirements under § 2675(a) are the settlement regulations promulgated pursuant to § 2672, which specify that, in support of a claim for personal injury, the claimant "may be required to submit" a physician's report, physical or mental examination, itemized bills, statements of expenses, and other supporting medical documentation. *See* 28 C.F.R. § 14.4(b).[1]

---

[1] This case does not raise the issue of whether the settlement regulations contained in 28 CFR § 14.4 are jurisdictional, and the court accordingly does not address that issue. Rather, the parties' disagreement relates to whether plaintiff presented sufficient evidence to adequately present his claim despite his failure to provide medical records.

## IV. Plaintiff Has Failed to Meet the Presentment Requirement

Plaintiff has failed to satisfy the presentment requirement here. It is undisputed that plaintiff sent, and that the Army received, a completed notice of claim that provided the relevant factual information regarding the incident in which plaintiff was injured. However, the mere filing of a Form 95 is not necessarily sufficient to present a claim. Rather, the adequacy of presentment turns on whether the information the claimant provides is sufficient to serve the purposes underlying § 2675(a) and allow the agency to "investigate, evaluate, and consider settlement of a claim." *See Johnson by Johnson*, 788 F.2d at 848; *Romulus I*, 983 F. Supp. at 338.

Here, it is difficult to imagine how the Army could have conducted a meaningful evaluation of plaintiff's claim without at least some evidence documenting the nature and severity of plaintiff's injuries. Plaintiff's claim encompasses personal injuries, medical expenses, lost wages, and pain and suffering, but the notice of claim provided only a general description of his injuries and included no information that would allow the Army to deduce the extent or severity of those injuries, such as itemized medical bills or other medical documentation. Plaintiff therefore did not provide "enough information to permit the agency to conduct an investigation and to estimate the claim's worth." *Romulus II*, 160 F.3d at 132 (citing *Keene Corp.*, 700 F.2d at 842); *see Furman*, 349 F. Supp. 2d at 558 (holding that plaintiff's Form SF-95 was not specific enough to allow the government to expedite settlement of claim when plaintiff provided no medical records, bills, or wage loss statements and did not respond to government requests for such documents); *Kornbluth v. Savannah*, 398 F. Supp. 1266, 1268 (E.D.N.Y. 1975). This is particularly true given the fact that all relevant medical documentation was in plaintiff's sole custody. *See Romulus I*, 983 F. Supp. at 342 (distinguishing cases where

9

"the relevant information was either in the government's possession, or the Form 95 itself provided sufficient information to provide notice.").

Plaintiff failed to provide the necessary medical documentation even after the Army specifically requested it. The Army notified plaintiff's current counsel, by letter dated July 14, 2010, that he was "required to submit evidence to support your clients' claim," and requested medical documentation. Although Mr. Lucciola admits that he received the July 14, 2010 letter and was therefore on notice that the Army believed that it required additional information to evaluate plaintiff's claim, Lucciola made no effort to provide any documentation, or even to confirm that the documentation had been sent in the first place. Rather, he instructed Ms. Peters to contact the Vakarev firm, *which no longer represented plaintiff*, in the event that she had not received medical records – something Ms. Peters was under no obligation to do. Thereafter, Mr. Lucciola took no action whatsoever to provide the government with the information it had indicated was necessary to evaluate the claim. The Court cannot "condone a plaintiff's flat refusal to cooperate with an agency's effort to investigate," and Mr. Lucciola's conduct can hardly be characterized as anything other than a "flat refusal to cooperate." *State Farm*, 326 F. Supp. 2d at 414; *see also Furman*, 349 F. Supp. 2d at 558; *Kornbluth*, 398 F. Supp. at 1268.

Although plaintiff alleges that he sent a medical packet to the Army on January 22, 2010 through his former law firm, plaintiff has presented no evidence to establish that the medical packet was either sent by plaintiff's counsel or received by defendant. Plaintiff has presented a cover letter, dated January 22, 2010 with a typed signature of "Michael Colberg," that was allegedly sent with the medical packet. (*See* Lucciola Decl. Ex. 4.) Most important, however, plaintiff has failed to submit any evidence (either on the face of the letter or extrinsic to the letter) to indicate that the letter was actually transmitted. None of the declarations offered in

support of plaintiff's papers allege personal knowledge of the transmittal of the medical package, but rather disclaim personal knowledge of the Lee case file and fail to indicate who, if anyone, sent the packet . (*See* Batista Decl. at ¶¶ 5–6; Luschinsky Decl. at ¶ 8; Lucciola Decl. at ¶ 6.) Finally, although the computer records attached to the Batista declaration do indicate that the medical records of Ms. Colon (Lee's passenger) were sent to the Army (Batista Decl. Ex. 1, at 5 (ECF pagination)), there is no such notation for Lee's records. In short, plaintiff has presented no evidence that would enable the Court to conclude that he provided the government with the medical documentation required to evaluate his claim.

Plaintiff nonetheless insists that his presentation must have been adequate because the Army in fact conducted an investigation into his claim and determined not to settle it. Although the Army did begin to investigate plaintiff's claim, that investigation did not satisfy the purposes of § 2675(a) because, for the reasons described above, the Army had insufficient information to "estimate the claim's worth," *Romulus II*, 160 F.3d at 132, or "consider settlement of [the] claim," *Johnson by Johnson*, 788 F.2d at 848. Moreover, there is no evidence that the Army formally denied plaintiff's claim, suggesting that the Army was unable to determine how to resolve plaintiff's claim. This is in contrast to the Colon claim, which the Army investigated and determined to deny. (*See* Lucciola Decl. Ex. 9 (reviewing Colon's medical records and recommending denial of the claim).) The fact that the Army attempted to investigate plaintiff's claim should not, in this case, estop the Army from challenging the adequacy of plaintiff's presentment when plaintiff failed to provide crucial information.

Finally, the cases on which plaintiff relies to support his claim that his presentment was adequate are distinguishable. In those cases, the government agency either (1) did not request any additional information from the claimant, or (2) had the necessary information in its

11

possession, which a reasonable investigation would have revealed. *See Johnson by Johnson*, 788 F.2d at 849 (holding that plaintiff adequately presented claim that mail carrier sexually assaulted a minor because a reasonable investigation by the government would reveal whether the government knew of past sexual misconduct by the mail carrier); *Henry*, 2011 WL 477719, at *5 (holding that plaintiff's failure to provide medical documentation did not constitute a failure to comply with presentment requirement because the government never requested medical documentation); *Camizzi*, No. 10–CV–949A, 2011 WL 32562, at *3 (W.D.N.Y. Jan. 5, 2011) (holding that plaintiff satisfied presentment where plaintiff responded to some, though not all, of agency's requests for additional information); *Lopez*, No. 06-CV-4601 (RJD), 2008 WL 3285895, at *3–4 (E.D.N.Y. Aug. 8, 2008) (holding that plaintiff satisfied presentment requirement with respect to allegations that he was physically abused and denied medical attention while incarcerated because a government investigation would uncover any delay in securing prompt medical treatment for plaintiff while he was incarcerated); *State Farm*, 326 F. Supp. 2d at 414 (holding that plaintiff satisfied presentment where the agency "clearly had a detailed understanding of the medical evidence regarding the injury . . . indicating a description of the accident and doctors' findings in detail" and where "plaintiff did not refuse to cooperate with the [agency's] investigation."); *Souvulj v. United States*, No. 98–CV–5550(FB), 2003 WL 21524835, at *3 (E.D.N.Y. July 2, 2003) (holding that presentment was satisfied with respect to wrongful-death claim based on negligent medical treatment when an inmate was incarcerated because information respecting the inmate's treatment was in the government's possession). *Romulus I* also does not support plaintiff's position because, although plaintiff's notice of claim provided more information than the notice in *Romulus I*, plaintiff nonetheless failed to provide

information necessary to allow the Army to evaluate his claim after the Army specifically requested such information. 983 F. Supp. at 342.

The Court is mindful that it must not allow the government to defeat presentment by repeatedly requesting additional information from claimants, thereby drawing out the claims process and ultimately avoiding litigation. That is not, however, what occurred here: Plaintiff failed to provide sufficient information to allow the Army to evaluate his claim and, when the Army notified plaintiff of the defect in his presentment, plaintiff took no steps to correct it.

The Supreme Court has affirmed that the FTCA's presentment requirement must be construed strictly to ensure that the goals of easing court congestion and avoiding unnecessary litigation are satisfied:

> Every premature filing of an action under the FTCA imposes some burden on the judicial system and on the Department of Justice which must assume the defense of such actions. Although the burden may be slight in an individual case, the statute governs the processing of a vast multitude of claims.

*McNeil v. United States*, 508 U.S. 106, 112 (1993). Here, the agency made reasonable requests for medical records that were necessary to evaluate plaintiff's claim and effectuate the goals underlying § 2675(a) and, after receiving that notice, plaintiff made no effort to provide the necessary information. Because the Army could not evaluate plaintiff's claim without information regarding the nature and extent of his injuries, which was solely in plaintiff's possession, plaintiff failed to adequately present his claim. *See Romulus I*, 983 F. Supp. at 342. This Court therefore lacks subject-matter jurisdiction over the claim, and plaintiff's complaint must be dismissed.

## CONCLUSION

For the reasons stated above, defendants' motion to dismiss is granted and plaintiff's complaint is dismissed without prejudice. *See Wheeler v. Citigroup*, No. 11 Civ. 4721(KNF), 2013 WL 1403527, at *11 (S.D.N.Y. Apr. 8, 2013) (citing *Hernandez v. Conriv Realty Assocs.*, 182 F.3d 121, 122 (2d Cir. 1999)). The Clerk of Court is respectfully directed to enter judgment accordingly, and close the case.

SO ORDERED.

Dated: Brooklyn, New York
       August 9, 2013

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge